FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 16 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. CV- 4:09CV0033WRW |
| ) | |
| v. ) | COMPLAINT FOR: |
| ) | |
| STATE OF ARKANSAS; ) | 1. VIOLATIONS OF THE |
| THE HONORABLE MIKE BEEBE, ) | FOURTEENTH AMENDMENT |
| Governor of the State of Arkansas, ) | TO THE UNITED STATES |
| in his official capacity only; ) | CONSTITUTION; |
| JOHN M. SELIG, Director of the ) | 2. VIOLATIONS OF THE |
| Arkansas Department of ) | AMERICANS WITH |
| Human Services, in his ) | DISABILITIES ACT; |
| official capacity only; ) | 3. VIOLATIONS OF THE |
| JAMES C. GREEN, Ph.D, ) | INDIVIDUALS WITH |
| Director of the Arkansas Division ) | DISABILITIES |
| of Developmental Disabilities ) | EDUCATION ACT |
| Services, in his official ) | |
| capacity only; CALVIN PRICE, ) | |
| Superintendent of the Conway Human ) | |
| Development Center, in his ) | |
| official capacity only, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case assigned to District Judge Wilson
and to Magistrate Judge Jones

**COMPLAINT**

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned attorneys, hereby alleges upon information and belief:

1. The Attorney General files this Complaint on behalf of the United States of America pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 (2000), to enjoin the named Defendants from egregiously and flagrantly depriving

individuals housed in Conway Human Development Center (the "Center") of rights, privileges, or immunities secured and protected by the Constitution and laws of the United States.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 (2000).

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a.

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint and is incorporated herein.

5. Venue in the Eastern District of Arkansas is proper pursuant to 28 U.S.C. § 1391 (2000).

## DEFENDANTS

6. Defendant State of Arkansas owns and operates the Center, and as such has responsibility for the services and supports provided to residents at the Center.

7. The Center is a State facility for individuals with developmental disabilities.

8. Defendant Mike Beebe is the Governor of the State of Arkansas, and in that capacity, he has responsibility for the operation of the Center.

9. Defendant John M. Selig is the Director of the Department of Human Services, which has responsibility for overseeing the operation of the Center.

10. Defendant Dr. James C. Green is the Director of the Division of Developmental Disabilities Services, which has responsibility for overseeing the operation of the Center.

11. Defendant Calvin Price is the Superintendent of the Center.

12. The individual Defendants named in paragraphs 8 through 11 are officers of the State of Arkansas and are sued in their official capacity only.

## FACTUAL ALLEGATIONS

13. Defendants are legally responsible, in whole or in part, for the operation of the Center and for the health and safety of the persons residing in the Center.

14. The Center is an institution within the meaning of 42 U.S.C. §§ 1997(1). The Center provides care to individuals with developmental disabilities.

15. Defendants are obligated to operate the Center in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of individuals residing at the Center.

- 4 -

16. Defendants are obligated to provide treatment, supports, and services to individuals residing in the Center consistent with the Americans with Disabilities Act and implementing regulations. 42 U.S.C. §§ 12101-12213; 28 C.F.R. pt. 35 (2006).

17. Also residing at the Center are persons considered a "child with a disability" under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.A. §§ 1401(3)(A)(i) and 3(A)(ii)(West 2000 & Supp. 2006), and Defendants are obligated to provide such persons a free and appropriate public education in the least restrictive setting, with necessary supports and services consistent with the IDEA and implementing regulations. 20 U.S.C.A. §§ 1400-1482; 32 C.F.R. pt. 300 (2006).

18. At all relevant times, Defendants have acted or failed to act, as alleged herein, under color of state law.

19. Individuals reside at the Center because they have been determined by Defendants to have developmental disabilities requiring treatment, supports, and services.

20. Defendants have failed and are continuing to fail to provide reasonably safe conditions and to ensure the reasonable safety and personal security of the Center residents.

21. Defendants have failed and are continuing to fail to provide the Center residents with that level of habilitation and training, including behavioral and related training programs,

necessary to protect the residents' liberty interests and to ensure their safety and freedom from undue or unreasonable restraint.

22. Defendants have failed and are continuing to fail to ensure that restraints are administered to residents by appropriately qualified professionals in keeping with accepted professional standards, and are not used as punishment, in lieu of treatment, or for the convenience of staff. Defendants have failed and are continuing to fail to supervise adequately residents in restraints to protect them from harm.

23. The Center's treatment, supports, and services substantially depart from generally accepted professional standards of care, thereby exposing individuals residing in the Center to significant risk and, in some cases, to actual harm.

24. The Center's treatment, supports, and services substantially depart from generally accepted professional standards of care in the following specific respects, among others:

    a. the provision of adequate psychological, and behavioral services;

    b. the provision of adequate medical, neurological, and nursing services;

    c. the provision of adequate psychiatric services;

    d.    the provision of adequate habilitation and therapy services, including physical therapy, occupational therapy, speech and language therapy, and other forms of therapy, physical management, nutritional services and related services; and

    e.    the provision of adequate protections from harm.

25. Defendants have failed and are continuing to fail to adequately assess individuals residing in the Center to ascertain whether these individuals are receiving adequate treatment, supports, and services in the most integrated setting appropriate for their individual needs; to ensure that those individuals whom professionals determine should be placed in the community, and who do not oppose such placement, are placed there; and to ensure that the Center's residents are served in the most integrated setting appropriate for each resident's individual needs;

26. Defendants have failed and are continuing to fail to ensure that individuals with disabilities are adequately evaluated and provided the necessary supports and services to receive a free and appropriate public education in the least restrictive environment as required by United States laws and regulations.

## VIOLATIONS ALLEGED

### COUNT ONE:

### Violations of the Due Process Protections of the Fourteenth Amendment to the United States Constitution

27. The United States incorporates by reference the allegations set forth in paragraphs 13 through 26 as if fully set forth herein.

28. The egregious and flagrant acts and omissions alleged in paragraphs 13 through 26 constitute a pattern or practice that violates the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of individuals residing in the Center.

29. Unless restrained by this Court, Defendants will continue to engage in the egregious and flagrant acts and omissions set forth in paragraphs 13 through 26 that deprive the Center's residents of rights, privileges, or immunities secured or protected by the Constitution of the United States and federal law, and will cause irreparable harm to these residents.

### COUNT TWO:

### Violations of the Americans with Disabilities Act

30. The United States incorporates by reference the allegations set forth in paragraphs 13 through 26 as if fully set forth herein.

31. The egregious and flagrant acts and omissions alleged in paragraph 26 violate the ADA and implementing regulations. 42 U.S.C. §§ 12101-12213, 28 C.F.R. pt. 35.

32. Unless restrained by this Court, Defendants will continue to engage in the egregious and flagrant acts and omissions set forth in paragraphs 13 through 26 that deprive the Center's residents of rights, privileges, or immunities secured or protected by federal law, and will cause irreparable harm to these residents.

**COUNT THREE:**

**Violations of the Individuals with Disabilities Education Act**

33. The United States incorporates by reference the allegations set forth in paragraphs 13 through 26 as if fully set forth herein.

34. The acts and omissions alleged in paragraphs 13 through 26 violate the IDEA and implementing regulations. 20 U.S.C.A. §§ 1400-1482; 32 C.F.R. pt. 300.

35. Unless restrained by this Court, Defendants will continue to engage in the conduct and practices set forth in paragraphs 13 through 26 that deprive residents of the Center of rights, privileges, or immunities secured or protected by federal law, and will cause irreparable harm to these residents.

- 9 -

## PRAYER FOR RELIEF

36. The Attorney General is authorized under 42 U.S.C. § 1997a to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Court enter an order:

    a. Permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 13 through 26 above, and that this Court require Defendants to take such actions as will ensure lawful conditions of institutionalization are afforded to residents of the Center, including the provision of adequate treatment in the most integrated setting appropriate to their individualized needs;

    b. Declaring that the acts, omissions, and practices set forth in paragraphs 13 through 26 above constitute a pattern or practice of resistance to Center residents' rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and that those acts, omissions, and practices violate the Constitution and laws of the United States; and

- 10 -

c.  Granting such other and further equitable relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*
MICHAEL B. MUKASEY
Attorney General
  of the United States

*[signature]*
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

*[signature]*
SHANETTA Y. CUTLAR
Chief
Special Litigation Section

*[signature]*
BENJAMIN O. TAYLOE, JR.
Special Counsel
CHRISTOPHER N. CHENG
JACQUELINE K. CUNCANNAN
ARETHEA A. COLES
KERRY KRENTLER
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave, NW
Washington, DC  20530
(202) 514-6255
(202) 514-6903 (fax)

*Richard M. Pence, Jr.*
RICHARD M. PENCE, JR., 69059
Assistant United States Attorney
Eastern District of Arkansas
425 West Capitol Avenue
Metropolitan Tower Building
Suite 500
Little Rock, AR   72201
(501) 340-2626
richard.pence@usdoj.gov



**Office of the Attorney General**
Washington, D. C. 20530

CERTIFICATE OF THE ATTORNEY GENERAL

    I, MICHAEL B. MUKASEY, Attorney General of the United States, certify that with regard to the foregoing Complaint, <u>United States v. State of Arkansas</u>, I have complied with all subsections of 42 U.S.C. § 1997b(a)(1). I certify as well that I have complied with all subsections of 42 U.S.C. § 1997b(a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

    In addition, I certify that I have the "reasonable cause to believe," set forth in 42 U.S.C. § 1997a, to initiate this action. Finally, I certify that all prerequisites to the initiation of this suit under 42 U.S.C. § 1997 have been met.

    Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C.§ 1997b(b), I am personally signing this Certificate.

    Signed this 15th day of November, 2008, at Washington, D.C.

MICHAEL B. MUKASEY
Attorney General of the United States

42 U.S.C. § 1997