**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                       Case No. 4:09CV00033 JLH

STATE OF ARKANSAS, *et al.*                                                         DEFENDANTS

**OPINION AND ORDER**

The United States has moved to dismiss without prejudice Count 2 of its complaint. Count 2 alleges that the Conway Human Development Center ("CHDC") is in violation of the Americans with Disabilities Act ("ADA"). The United States seeks to dismiss Count 2 in order to present that claim in its recently-filed lawsuit against the State of Arkansas alleging that the State violates the ADA in six human development centers, including the CHDC. For the following reasons, the United States' motion is denied.

The complaint in this action includes three counts. Count 1 alleges that the CHDC violates rights of its residents guaranteed by the due process clause of the Fourteenth Amendment; Count 2 alleges that the CHDC violates rights of its residents that are guaranteed by the ADA; and Count 3 alleges that the CHDC violates rights of its residents that are guaranteed by the Individuals with Disabilities Education Act ("IDEA").

The deadline to seek leave to amend pleadings was May 5, 2010. On May 5, instead of seeking leave to amend, the United States filed the pending motion for voluntary dismissal of its ADA claim. On the next day, the United States filed a complaint in a separate action alleging that six human development centers operated by the State of Arkansas violate the ADA.

Although the United States characterizes its motion as one for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), the relief it requests is more in the nature of a motion to sever under Rule 21. The Court will analyze the motion under both rules.

Rule 41(a)(2) provides, in pertinent part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of Rule 42(a)(2) is primarily to prevent unfair prejudice to the defendant. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). The prejudice that will defeat a motion to dismiss must be more than merely having to defend another action by the plaintiff. *Id.*; *see also Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). In deciding whether to grant a voluntary dismissal, a district court considers the following factors: (1) the defendant's effort and expense in preparing for trial; (2) whether the plaintiff has excessively delayed or lacked diligence in prosecuting the action; (3) whether the plaintiff has sufficiently or properly explained the need for dismissal; and (4) whether the defendant has filed a summary judgment motion. *Paulucci*, 826 F.2d at 783. The Court may also consider whether dismissal would result in a waste of judicial time and effort. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citing cases). A plaintiff is not permitted voluntary dismissal merely to escape an adverse decision or seek a more favorable forum. *Id.*

In considering the factors listed above, the Court finds that voluntary dismissal of the ADA claim against the CHDC is not warranted in this case. No summary judgment motions have been filed—the deadline for dispositive motions is July 1, 2010. However, the remaining factors militate against granting the United States' motion.

Trial is scheduled to begin on September 8, 2010.  The State of Arkansas has expended considerable effort and financial resources in preparing for the September 2010 trial on all counts, including the ADA count.  The discovery deadline is June 8, 2010, so discovery is or should be nearly complete.  Both sides have engaged numerous experts to study the CHDC.  Those experts have issued reports and have been or soon will be deposed.  Although the United States says that it does not intend to duplicate its discovery efforts and will make all efforts to avoid duplicative discovery, a separate ADA action that included allegations against the CHDC likely would result in continued discovery related to the CHDC extending beyond the discovery already completed.

The complaint in this action contains one section of factual allegations, and those allegations are incorporated by reference into each count.  Similarly, the United States filed a motion for preliminary injunction relying on much the same evidence for its argument of a likelihood of success on the merits on different counts.  Consequently, it appears that the Court in this action will hear much of the same evidence on Counts 1 and 3 as would be presented in another action as to Count 2.  Thus, the State of Arkansas would have to incur considerable effort and expense in preparing first for the September 2010 CHDC trial, and later for another trial that would present much the same evidence concerning the CHDC.  The United States has not offered a sufficient explanation for the need to dismiss Count 2 so as to present that claim in a separate action.

As noted above, the relief that the United States seeks is more in the nature of a request to sever Count 2 pursuant to Rule 21 than a motion to dismiss under Rule 42(b).  The final sentence in Rule 21 provides that the Court may sever any claim against a party.  Courts presume that all claims in a case should be resolved in a single trial and not severed.  *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007).  That presumption places the burden on the

party moving for severance to show, first, that it will be severely prejudiced without a separate trial, and, second, that the issue to be severed is so distinct and separable from the others that a trial of that issue alone may proceed without injustice. *Id*.

> In determining whether severance is proper, courts consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*Id*. The United States has not shown that the issues in Count 2 differ so significantly from the issues in Counts 1 and 3 that they should be tried separately, nor that different witnesses and different documentary proof will be presented on the different counts. The State could be prejudiced by granting the motion for severance because it will, in effect, have to litigate the issues relating to the CHDC twice. The United States has not shown that it will be prejudiced if Count 2 is not severed.

Finally, it should be noted that the United States in this action seeks to vindicate the rights of numerous persons with developmental disabilities. The United States alleges in Count 2 that the State of Arkansas is engaged in egregious and flagrant acts and omissions that violate the ADA and that, unless restrained by this Court, the State will continue to engage in those egregious and flagrant violations of the ADA so as to cause irreparable harm to the persons who reside at the CHDC. Less than two months before filing the motion to dismiss Count 2, the United States filed a motion for a preliminary injunction in which it asserted that the continuing violations at the CHDC would result in irreparable harm to the residents of the CHDC. The Court denied that motion in part because trial on the merits is near. Severing Count 2 so that the alleged ADA violations of the CHDC could be litigated in a newly commenced action that includes allegations against five other facilities likely would delay the determination as to the CHDC. If, as the United States alleges, the State is violating

the ADA and causing irreparable harm to residents of the CHDC, that determination should not be delayed.

## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss Count 2 without prejudice is DENIED. Document #55.

IT IS SO ORDERED this 27th day of May, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE