IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:10-CV-0327 SWW |
| | * | |
| | * | |
| STATE OF ARKANSAS, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

On May 6, 2010, the United States of America filed an action against the State of Arkansas (the "State") alleging that the State discriminates against persons with disabilities in violation of the Americans with Disabilities Act (ADA). That action, *United States v. State of Arkansas, et al.*, No. 4:10cv00327 SWW (the "Statewide ADA action"), was assigned to this Court.

Previously, the United States filed a complaint against the State asserting this same claim (in Count II of the complaint) with respect to the Conway Human Development Center. That action, *United States of America v. State of Arkansas, et al*., No. 4:09cv0033 JLH (the "CHDC action"), was assigned to Chief Judge J. Leon Holmes.

By Order entered May 14, 2010 [doc.#2], the Court directed that the United States file a pleading addressing why the Statewide ADA action should not be assigned to Chief Judge Holmes as a related case to CHDC action and/or as a matter of judicial economy.[1] The United

---

[1] Chief Judge Holmes established May 5, 2010, as the deadline for amending pleadings in the CHDC action, including the complaint. On the day the deadline for amending pleadings in the CHDC action expired, the United States, rather than filing a motion to amend the complaint, filed a motion to dismiss Count II of the complaint in the CHDC action, stating that it intended to assert the CHDC ADA allegations in a larger Statewide ADA action. The United States acknowledged that there may be issues concerning duplicative discovery but that it "will make all efforts to avoid duplicative discovery in pursuing the Statewide ADA action." Although the United States noted that the State objects to the motion to dismiss the CHDC ADA allegations from the CHDC action, on May 6, 2010 (the day following the filing of its motion to dismiss in the CHDC action), the United States,

States has timely filed its pleading in accordance with this Court's Order, stating that it reads the local rules as requiring the random selection of the judge.[2]  The State, in turn, has filed a Notice of Related Case [doc.#13] in the Statewide ADA action requesting that the Statewide ADA action and the CHDC action be treated as related cases pursuant to Local Rule 40.1 and General Order 39, and that the Statewide ADA action be reassigned to Chief Judge Holmes for the sake of avoiding duplicative discovery and to benefit overall judicial economy.

In light of the Notice of Related Case filed in the Statewide ADA action and the procedural maneuvering of the United States in the CHDC action and the Statewide ADA action as set forth in this Court's May 14th Order (the propriety of which has yet to be resolved), the Court defers to Chief Judge Holmes for a determination of whether the Statewide ADA action should be reassigned to his docket as a related case to the CHDC action or otherwise.[3]

IT IS SO ORDERED this 27th day of May 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

without a ruling by Chief Judge Holmes on its motion to dismiss, filed its Statewide ADA action and it was assigned to this Court.  The United States noted on the civil cover sheet filed with the Clerk of Court that the CHDC action was a related case to the Statewide ADA action but it did not file a Notice of Related Case pursuant to Local Rule 40.1 and General Order No. 39.

Given that the CHDC ADA allegations are still before Chief Judge Homes in Count II of the CHDC action (no ruling having yet been made on the motion to dismiss and defendants opposing the United States' motion), and given that the United States acknowledges there may be issues of duplicative discovery that seemingly should be addressed by the same judge as such issues arise (should Judge Homes approve of the procedural maneuver of the United States), the Court directed that the United States file a pleading addressing why the Statewide ADA action should not be assigned to Chief Judge Holmes as a related case to the CHDC action and/or as a matter of judicial economy.

[2] Although the United States argues *inter alia* that regardless of the motion to dismiss the CHDC ADA allegations in the CHDC action, the Statewide ADA action does not qualify as a refiling of a "voluntary nonsuit" under Local Rule 40.1, certainly the dismissal without prejudice of the CHDC ADA claims so that they could later be refiled would constitute a "voluntary nonsuit" of those claims.

[3] The Court directs that the Clerk of Court also file this Order in the CHDC action, *United States of America v. State of Arkansas, et al.*, No. 4:09cv0033 JLH.