**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                   PLAINTIFF

v.                                            Case No. 4:09CV00033 JLH

STATE OF ARKANSAS, *et al*.                                                                                  DEFENDANTS

## ORDER

The defendants have filed a motion *in limine* to exclude five persons listed as witnesses by the United States on the ground that they were not disclosed in a timely fashion. Those five persons are Gerard Provencal, Lyn Rucker, Eric Zaharia, John Agosta, and William "Randy" Krieble. Three of these persons—Gerard Provencal, Lyn Rucker, and Eric Zaharia—were identified by name on May 19, 2010, under cover of a letter that provided an extensive list of persons "with whom the United States has spoken regarding this matter and who may have relevant information." Those persons were not identified as witnesses at that time. John Agosta and William "Randy" Krieble were not identified even by name until after discovery closed on June 8, 2010. No contact information was provided as to any of these witnesses until after discovery had closed on June 8, 2010. No description as to the testimony that any of these witnesses would give was provided until after discovery had closed on June 8, 2010.

The defendants had submitted an interrogatory in August 2009 requesting the names and contact information for each person the United States intended to call at trial, as well as a description of each person's proposed testimony. The Court's discovery order stated that witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The United States failed to identify these five persons in response to appropriate discovery. For the most part, persons are expected to testify as to their personal knowledge of

centers in states other than Arkansas. According to the United Sates, this testimony is needed because on or about April 27, 2010, the defendants disclosed an expert report that concluded that compliance with the demands of the United States in this action would constitute "a fundamental alteration" of the state's system with respect to serving persons with disabilities. The United States says that it needs the testimony of these witnesses in order to rebut that "fundamental alteration" defense and that it supplemented its witness list in a timely fashion so as to respond to that defense. The report to which the United States refers does not reach its conclusions by means of an analysis of the experience in other states, so it is difficult to see how the testimony of the five persons who were not disclosed before discovery could constitute rebuttal of the opinion expressed in that report. Nor does it appear that the opinion expressed in the report should have come as a surprise to the United States. There is no circumstance here that would justify permitting testimony from these five persons who were not disclosed in a timely fashion. The defendants' motion *in limine* to exclude expert "lay witnesses" is GRANTED. Gerard Provencal, Lyn Rucker, Eric Zaharia, John Agosta, and William "Randy" Krieble will not be permitted to testify. Document #120. The defendants' motion to compel a response is denied as moot. Document #125.

IT IS SO ORDERED this 26th day of August, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE